## Case No. 7,792.

### KING v. FOYLES.

[2 Cranch, C. C. 303.][1]

Circuit Court, District of Columbia. April Term, 1822.

PROMISSORY NOTE—NOTICE OF PROTEST—WHEN MAILED IN TIME.

If Saturday be the last day of grace upon a promissory note, and payment thereof be demanded, on that day, of the maker, in Georgetown, D. C., in time to give notice by the mail of the same evening to the indorser living in the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

city of Washington, notice put into the Georgetown post-office for the evening mail of the following Monday is too late.

Assumpsit [by George King] against the indorser of J. Carlon's note for $223 at thirty days, dated December 13th, 1819. Payment was demanded in Georgetown, by the notary public on Saturday, the 15th of January, 1820, between three and four o'clock, in the afternoon, that being the last day of grace. The mail from Georgetown to Washington closed at nine o'clock of the same evening; the next following mails closed on Sunday and Monday evening at the same hour. The notary did not put his notice to the defendant [Thomas Foyles], who resided in Washington, into the post-office at Georgetown, until nine or ten o'clock on Monday morning, the 17th of January, so that it could not be received in Washington until Tuesday morning, when the letters by the mail of the preceding evening were according to the course of the mails received and delivered in Washington. The notary public who protested the note, testified that it had always been his custom, as notary, and, he believed, of other notaries in Georgetown, to put such notices for persons residing in Washington into the Georgetown post-office on the next morning after the demand and refusal of the drawer; that is, on the next day after the last day of grace, unless the last day of grace fell on Saturday; and in that case to put such notice into the Georgetown post-office on the Monday following. Another notary public, also residing in Georgetown, testified that the practice of himself and other notaries of Georgetown, was to put such letters of notice into the Georgetown post-office. sometimes on the evening of the same day the demand was made, when that was Saturday, and sometimes on the Monday following. A verdict was taken subject to the opinion of the court upon the sufficiency of the notice, under the circumstances before mentioned.

Augustus Taney, for plaintiff.

The custom of the place governs in such cases. Sunday is not dies juridicus, although the law authorizes a mail to be made up on that day. The maker has the whole of the last day of grace to pay the note, and notice on the next day is early enough. Leftley v. Mills, 4 Term R. 170; Darbishire v. Parker, 6 East, 3; Tindal v. Brown, 1 Term R. 167; Langdale v. Trimmer, 15 East, 291. Monday was the day next after the last day of grace. Robson v. Bennett, 2 Taunt. 388; Burbridge v. Manners, 3 Camp. 193; Chit. (1821, Ed. by Carey) 401. Each party has one day to give notice to the party immediately liable to him.

THE COURT stopped Mr. Jones in reply, and said that the notice should have been put into the post-office on Saturday or Sunday; that the notice was too late. Judgment for the defendant.